UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 86-00146-CR-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHANIEL JAMES,

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO RETURN PROPERTY**

This matter is before the Court as a result of Defendant's Motion to Return Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure filed by NATHANIEL JAMES ("Defendant") on March 7, 2017. [D.E. 166].[1] The United States of America ("the Government") did not file a Response to Defendant's Motion. Following a review of Defendant's Motion and the relevant authorities, we hereby **ORDER** that Defendant's Motion be **GRANTED**.

The Government indicted and convicted Defendant on nine counts of possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. §§ 924(h)(1) (now codified at § 922(g)(1)). [D.E. 166, p. 1]. The predicate felony for the firearm offenses stemmed from an earlier conviction in Florida whereby

---

[1] The Honorable Judge Kathleen M. Williams referred the matter to the undersigned on May 2, 2017. [D.E. 168].

Defendant entered a *nolo contendre* plea with adjudication withheld. *See* D.E. 62. Following this plea, Defendant allegedly purchased nine (9) firearms, which gave rise to the Government's indictment in 1986. *Id.* Those federal convictions, however, were vacated as invalid following the decision in *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), where the Eleventh Circuit held that a prior Florida guilty plea for which adjudication was withheld did not qualify as felony conviction under Florida law, thereby precluding a federal conviction for felony possession of a firearm. As a result of these vacated convictions, Defendant now seeks to have the nine firearms seized by the Government in 1986 returned to his possession pursuant to Rule 41 of the Federal Rules of Criminal Procedure.

Rule 41 provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). A Rule 41(g) motion filed by a defendant after the termination of criminal proceedings – as occurred here – should be treated as a civil proceeding for equitable relief. *United States v. Martinez*, 241 F.3d 1329, 1330-31 (11th Cir. 2001). "[T]he person from whom the property is seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). If the Government is no longer in possession of the property, it has a duty to provide evidence that describes the circumstances concerning its disposal, loss, or destruction. *See id.* (finding that although the Government alleged in its pleadings

that the property sought by the defendant was destroyed, the pleadings were not verified and no supporting affidavits were filed supporting those allegations).

As the Government failed to respond to Defendant's Motion, it also failed to meet the requirements of *Potes Ramirez*. As such, the Government must account by August 8, 2016 for the nine (9) firearms seized from Defendant, and either return the property to Defendant – or someone acting on his behalf, with power of attorney – or provide evidence that describes the circumstances of the firearms' disposal, loss or destruction. *Potes Ramirez*, 260 F.3d at 1314.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Return Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure be **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of July, 2017.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge