UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 86-00146-CR-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHANIEL JAMES,

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR
THE AWARD OF ATTORNEY'S FEES**

This matter is before the Court as a result of Defendant's Motion Seeking the Award of Attorney's Fees filed by NATHANIEL JAMES ("Defendant") on March 28, 2017. [D.E. 167].[1] The United States of America ("the Government") filed its Response on May 8, 2017 [D.E. 169], and Defendant's Response followed on May 23. [D.E. 172]. Defendant argues that he is entitled to receive attorney's fees pursuant to 28 U.S.C. § 2412 (the "Hyde Amendment"). Following a review of Defendant's Motion and the relevant authorities, we hereby **ORDER** that Defendant's Motion be **DENIED**.

Defendant argues he is entitled to an award of attorney's fees pursuant to the Hyde Amendment, which provides that a court "in any criminal case (other than a

---

[1] The Honorable Judge Kathleen M. Williams referred the matter to the undersigned on May 2, 2017. [D.E. 168].

case in which the defendant is represented by assigned counsel paid for by the public)…may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexation, frivolous, or in bad faith." Pub.L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). In order to receive attorney's fees under the amendment, Defendant must demonstrate that his 1986 prosecution was "so utterly without foundation in law or fact as to be frivolous." *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999). He has failed to do so.

In *Gilbert*, the Eleventh Circuit provided extensive analysis of both the plain language of the Hyde Amendment and the legislative history preceding its enactment. The court noted that because the terms "vexatious, frivolous or in bad faith" are not defined in the statute, they must be given their ordinary meaning. *Id*. at 1298. "Vexatious," the court explained, means "without reasonable or probable cause or excuse." *Id*. "Frivolous" is defined as "groundless…with little prospect of success; often brought to embarrass or annoy the defendant." *Id*. at 1299. The court described "bad faith" as "not simply bad judgment or negligence, but rather…the conscious doing of a wrong because of dishonest purpose or moral obliquity," and that "it contemplates a state of mind affirmatively operating with furtive design or ill will." *Id*. Considering the plain language of the statute, the court explained that a defendant must show "more than he was ultimately successful in defending against the charges brought" to receive an award of fees. *Id*. at 1303. Instead, "[a] defendant

must show that the government's position underlying the prosecution amounts to prosecutorial misconduct." *Id*. at 1299.

The court then examined the legislative history leading up to the amendment's passage, which reinforced the difficulty in obtaining relief under the statute. *Id*. At first, the appropriations bill that contained the Hyde Amendment faced significant political opposition because the original language *required* a prevailing defendant be awarded attorneys' fees unless the government established that its position was "substantially justified." *Id*. at 1300. The Justice Department vehemently opposed the standard initially included within the amendment, arguing that it would "unnecessarily deplete prosecutorial and judicial resources by forcing the government to litigate its 'justification' following acquittal." *Id*. President Clinton's administration also voiced significant opposition to the passage of the amendment in its original form. *Id*.

Faced with this opposition, in addition to the looming possibility of a presidential veto, Congress amended the statute to place the burden on the prevailing defendant to demonstrate that he or she should be entitled to an award of attorney's fees. *Id*. at 1302. The Conference Committee also added language requiring a criminal defendant seeking fees to show

> more than that the prosecution had been without foundation. The "more" a defendant would be required to show is reflected in the final language of the provision, as it was enacted into law, which provides that attorney fees may be awarded where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.

3

*Id.* (internal quotations and citations omitted). Thus, "[t]he plain language [of the statute], reinforced by the legislative history of the provision, places a *daunting obstacle* before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges." *Id.* at 1302-03 (emphasis added).

In light of this background, and applying the correct standard to the facts here, we find that Defendant failed to meet his "daunting" burden and cannot demonstrate that the government's position was vexatious, frivolous, or in bad faith.[2] Defendant believes he meets this standard because "the 1986 Federal Gun Control Act provided more than a clear indication that the Defendant's conduct was non-criminal." [D.E. 167, p. 5]. But this argument ignores Eleventh Circuit precedent that existed prior to the *Clarke* decision that definitively established that a withheld-adjudication could be considered a predicate offense in relation to a federal firearm conviction. The *Clarke* court admitted as much:

> The Eleventh Circuit has contrary precedent on [the withheld-adjudication] issue. In *United States v. Orellanes*, 809 F.2d 1256 (11th Cir. 1987), we said that "one who pleads guilty in a Florida state court and has imposition of sentence withheld, may nevertheless be held to have been 'convicted' for purposes of applying federal criminal statutes which punish certain conduct following conviction of a felony." *Id.* at 1527. We affirmed that holding in *United States v. Grinkiewicz*, 873 F.2d 253 (11th Cir. 1989) (per curiam).

---

[2] A brief factual background discussing the events leading up to Defendant's original 1986 conviction and the vacating of his sentence in 2017 can be found in this Court's Order Granting Defendant's Motion for Return of Property. [D.E. 175, p. 1-2].

*Clarke*, 822 F.3d at 1215. Thus, in the two decades following Defendant's conviction, there existed binding precedent that directly foreclosed the argument Defendant makes here. *See Grinkiewicz*, 873 F.2d at 254 ("Whether under Florida law a person is considered a convicted felon when there has been a withholding of adjudication of guilt has been settled in this Circuit by *Orellanes*. Contrary to defendant's argument, that holding cannot be regarded as dictum and this panel is bound by the explicit holding there.) (internal citation omitted); *United States v. Chubbuck*, 252 F.3d 1300, 1303 (11th Cir. 2001) ("Chubbuck alleges that because he was on probation with adjudication withheld at the time he possessed the firearms, he was not a convicted felon… Eleventh Circuit precedent holds otherwise. We have twice held that a plea of guilty in Florida state court, even where adjudication has been withheld, is a conviction for purposes of 18 U.S.C. § 922(g)."); *United States v. Santiago*, 601 F.3d 1241, 1243 (11th Cir. 2010) ("In prior cases, we have addressed the question of whether a guilty plea and a withholding of adjudication constitutes a predicate conviction for a violation of 18 U.S.C. § 922(g)."); *United States v. Hernandez*, 522 F.App'x. 908 (11th Cir. 2013) (defendant's guilty plea to a Florida felony offense qualified as a "conviction" for purposes of statute prohibiting possession of a firearm and ammunition by a convicted felon, even though the predicate plea was followed by a withheld adjudication). We will not now hold that it was "bad faith" or "vexatious" for federal prosecutors to act in accordance with the law of this Circuit.

Further, Defendant concedes that the Florida Supreme Court did not determine, "until 2016," whether a violation of a Florida criminal statute could

amount to a predicate felony under 18 U.S.C. § 922(g) if adjudication was ultimately withheld by the state court. [D.E. 167, p. 5]. Undeterred, he argues the Government nevertheless took a "bad faith" position in prosecuting his conviction because the *Clarke* decision "clarified [that their] argument…was frivolous." *Id*. But Defendant's own concession undercuts this entire argument, as does the fact that it took twenty years to "clarify" the issue Defendant claims should have been obvious back in 1986. Were we to find that the Government's position during the prosecution of the underlying firearm offenses was vexatious or frivolous, federal prosecutors would hereafter be required to anticipate each and every possible change or clarification in the law that *might* occur in the years following *any* defendant's conviction, even if such a change does not arise for another two decades. This would place an impossible burden on the Government, and the Hyde Amendment does not require such prescience on the part of federal prosecutors.

In sum, Defendant had his sentence vacated after the Eleventh Circuit reversed two decades' worth of precedent on an issue favorable to Defendant's claim for habeas relief. Although he successfully petitioned the federal court system to vacate his sentence, he needs to show more than the fact that he ultimately prevailed on his 28 U.S.C. § 2255 motion in order for this Court to award attorney's fees. *See Gilbert*, 198 F.3d at 1303 ("[I]n order to be eligible for fees and costs under the Hyde Amendment[,] a successful defendant must show more than he was ultimately successful in defending against the charges brought, and that is true whether the basis of his successful defense is factual, or as in this case legal."). The success of his

habeas petition does not erase or eliminate the fact that in the twenty years following his conviction, binding precedent in our Circuit deemed a "withheld adjudication" plea as sufficient to serve as a predicate offense for federal felon-in-possession firearm offenses. As such, Defendant has not in any way demonstrated that the Government engaged in vexatious, frivolous, or bad faith conduct when prosecuting these offenses in 1986.

Based on the foregoing, it is hereby **ORDERED** that Motion Seeking the Award of Attorney's Fees be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of July, 2017.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge